CONFORM & RETURN

1   Jonathan Solish (SBN 67609))
    Keith D. Klein (SBN 184846)
2   Brian J. Recor (SBN 229091)
    **BRYAN CAVE LLP**
3   120 Broadway, Suite 300
    Santa Monica, California 90401-2386
4   Telephone:   (310) 576-2100
    Facsimile:   (310) 576-2200
5   E-mail:      jonathan.solish@bryancave.com
                 keith.klein@bryancave.com
6                brian.recor@bryancave.com

7
    Attorneys for Defendants
8   SENSA PRODUCTS LLC; GENERAL NUTRITION CORPORATION;
    GENERAL NUTRITION CENTERS, INC.

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13  ERIKA GOMEZ, on behalf of herself and      Case No.  CV10  8206
    all others similarly situated,
14                                              (Los Angeles County Superior Court
                Plaintiff,                      Case No. BC440303)
15
    vs.
16                                              **DEFENDANTS' NOTICE OF**
    SENSA PRODUCTS, LLC, a Delaware            **REMOVAL UNDER 28 U.S.C.**
17  Corporation, GENERAL NUTRITION             **§§ 1332(d) (CAFA)**
    CORPORATION, a Pennsylvania
18  Corporation, GENERAL NUTRITION
    CENTERS, INC., a Delaware
19  Corporation, and DOES 1 to 50,
    inclusive,
20
                Defendants.
21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

SM808839

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL

2  PARTIES AND THEIR ATTORNEYS OF RECORD:

3  PLEASE TAKE NOTICE that Defendants General Nutrition Corporation and

4  General Nutrition Centers, Inc. (the "GNC Defendants"), and Sensa Products LLC

5  ("Sensa"), (collectively "Defendants") hereby remove this putative class action to this

6  Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d).

7  BACKGROUND

8  Plaintiff Erika Gomez ("Named Plaintiff") filed a purported class action in the

9  Superior Court of the State of California, County of Los Angeles, entitled *ERIKA*

10  *GOMEZ, on behalf of herself and all others similarly situated v. SENSA*

11  *PRODUCTS, LLC, a Delaware corporation, GENERAL NUTRITION*

12  *CORPORATION, a Pennsylvania corporation, GENERAL NUTRITION CENTERS,*

13  *INC., a Pennsylvania corporation, and DOES 1 to 50, inclusive,* Case No.

14  BC446303, on September 27, 2010 ("Action").  A copy of the Complaint is attached

15  hereto as **Exhibit 1**.

16  1.  General Nutrition Corporation was served with the Complaint and

17  Summons in the Action on September 29, 2010.  The Proof of Service of Summons on

18  General Nutrition Corporation is attached hereto as **Exhibit 2**.

19  2.  General Nutrition Centers, Inc. was served with the Complaint and

20  Summons in the Action on October 1, 2010.  The Proof of Service of Summons on

21  General Nutrition Centers, Inc. is attached hereto as **Exhibit 3**.

22  3.  Sensa was served with the Complaint and Summons in the Action on

23  September 29, 2010.  The Proof of Service of Summons on Sensa is attached hereto as

24  **Exhibit 4**.

25  4.  All other documents regarding the Action, including any pleadings,

26  process, or orders, that Defendants have received are attached hereto as **Exhibit 5**.

27  5.  In the Complaint, Named Plaintiff, on behalf of herself and an alleged

28  nationwide class, asserts claims against Defendants for (1) violation of California

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; (2) violation of

2  California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (3)

3  violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1770, *et*

4  *seq.* Compl. ¶¶ 26-46.

5       6.    Named Plaintiff seeks to represent a purported nationwide class, the

6  existence of which is expressly denied, of "[a]ll persons resident in the United States

7  who purchased Sensa products within the class period (the 'Class')." Compl. ¶ 17.

8       7.    Named Plaintiff seeks, on a nationwide class basis, (1) preliminary and

9  permanent injunctive relief; (2) certification of a nationwide class; (3) restitution and

10  disgorgement of money and property; (4) an accounting of profits; (5) statutory

11  damages[1]; (6) general damages; (7) special damages; (8) exemplary damages; (9)

12  attorneys' fees and costs; and (10) "such other and further relief as the Court deems

13  just and proper." Compl. at p. 10.

14       8.    Defendant General Nutrition Corporation is a Pennsylvania corporation,

15  with its principal place of business in Pennsylvania. Compl. ¶ 3; Declaration of

16  Kenneth Wunschel ("Wunschel Decl.") ¶ 2, attached hereto as **Exhibit 6**.

17       9.    Defendant General Nutrition Centers, Inc. is a Delaware corporation, with

18  its principal place of business in Pennsylvania. *Id.* ¶ 3; Compl. ¶ 4.

19       10.   Defendant Sensa is a Delaware limited liability company, with its

20  principal place of business in California. Compl. ¶ 2. In the four years preceding the

21  filing of the Action, Sensa sold products in excess of $5,000,000. Declaration of Heidi

22  Crane ¶ 3, attached hereto as **Exhibit 7**.

23

24

25

---

26  [1] Named Plaintiff does not allege she complied with the mandatory pre-filing notice

27  provision of the Consumer Legal Remedies Act, but notes in the Complaint that damages
are not "currently sought" regarding that cause of action "at this time." Compl. at Prayer,

28  p.10.

NOTICE OF REMOVAL

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 BASIS FOR REMOVAL

2    11.    Defendants remove the Action under the Class Action Fairness Act

3 ("CAFA"), 28 U.S.C. §§ 1332(d).

4    12.    Congress enacted CAFA in February 2005 to "expand substantially

5 federal court jurisdiction over class actions."  S. Rep. No. 109-14, *43, *as reprinted*

6 *in* 2005 U.S.C.C.A.N. 3, **41, 109 S. Rpt. 14 (the Act is "intended to expand

7 substantially federal court jurisdiction over class actions").  Its provisions "should be

8 read broadly, with a strong preference that interstate class actions should be heard in

9 a federal court if properly removed by any defendant."  *Id.*; *In re Textainer*

10 *Partnership Securities Litigation*, 2005 WL 1791559, *3 (N.D. Cal. 2005) (quoting

11 151 Cong. Rec. H723-01, H-727 (2005) (statement of Congressman Sensenbrenner)).

12    13.    Pursuant to CAFA, when the number of purported class members

13 defined in the Complaint exceeds 100, this Court has original jurisdiction over "any

14 civil action in which the matter in controversy exceeds the sum or value of

15 $5,000,000, exclusive of interest and costs, and is a class action in which . . . any

16 member of a class of plaintiffs is a citizen of a State different from any defendant."

17 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B).

18    14.    Further, "the claims of the individual class members shall be aggregated

19 to determine whether the matter in controversy exceeds" the $5,000,000 requirement,

20 28 U.S.C. § 1332(d)(6), thereby "abrogat[ing] the rule against aggregating claims."

21 *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 571 (2005).

22    15.    The requirements for this Court's exercise of diversity jurisdiction over a

23 purported class action are satisfied in this case.

24    **A.    Diversity of Citizenship**

25    16.    Named Plaintiff is a resident of the State of California.  Compl. ¶ 1.

26    17.    Named Plaintiff is not limiting her allegations against Defendants to

27 activities that took place in California, but instead alleges a nationwide class of

28 consumers.  Compl. ¶ 17.

3

18.   Plaintiff admits that Defendant "General Nutrition Corporation is a **Pennsylvania** corporation headquartered in Pittsburgh, **Pennsylvania**." Compl. ¶ 3 (emphasis added).

19.   Plaintiff admits that Defendant "General Nutrition Centers, Inc. is a **Delaware** corporation headquartered in Pittsburgh, **Pennsylvania**." Compl. ¶ 4 (emphasis added).

20.   Plaintiff correctly states that "General Nutrition Centers, Inc. is a wholly owned subsidiary of General Nutrition Corporation." Compl. ¶ 4. Both companies, collectively referred to as the "GNC Defendants," conduct almost all of their centralized activities in Pittsburgh, Pennsylvania, thus, these defendants' principal place of business is Pennsylvania. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990); Wunschel Decl. ¶¶ 2-8.

21.   The vast majority of activities that the GNC Defendants conduct in California are those that General Nutrition Corporation also conducts in other states across the country, namely retailing nutritional products through its network of over 4,800 retail locations throughout the world and franchise operations in 48 international markets. Compl. ¶ 4; Wunschel Decl. ¶ 5 .

22.   The location of the majority of the GNC Defendants' tangible properties is outside of California. Wunschel Decl. ¶ 6.

23.   The location where most of the GNC Defendants' purchases are made is outside of California. Wunschel Decl. ¶ 7.

24.   The location of the majority of the GNC Defendants' employees is outside of California. Wunschel Decl. ¶ 8.

25.   For federal jurisdiction, CAFA requires only minimal diversity, that is, at least one purported class member must be a citizen of a state different from any Defendant. 28 U.S.C. § 1332(d)(2)(A). Because Plaintiff is a citizen of California, and the GNC Defendants are citizens of Pennsylvania, CAFA's requirement of minimal diversity is met. *Id.* ("any member of a class of plaintiffs is a citizen of a

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

4

1    State different from any defendant").

2        26.   As defined in the Complaint, the purported class, the existence of which

3    is expressly denied, includes non-California citizens. Compl. ¶ 17 (including in the

4    purported class "[a]ll persons resident in the United States who purchased Sensa

5    products within the class period (the 'Class').")

6        **B.    Putative Class Numerosity**

7        27.   Plaintiff alleges that the purported class, the existence of which is

8    expressly denied, contains "at least…thousands" of members who are "numerous and

9    geographically dispersed across California and the United States." Compl. ¶ 19.

10   Thus, CAFA's requirement that there be at least 100 putative class members is

11   satisfied. 28 U.S.C. § 1332(d)(5)(B).

12       **C.    The Amount in Controversy**

13       28.   Diversity jurisdiction under CAFA requires that the aggregate amount in

14   controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

15   28 U.S.C. § 1332(d)(2),(6). Where "a federal court is uncertain about whether 'all

16   matters in controversy' in a purported class action 'do not in the aggregate exceed the

17   sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction."

18   S. Rep. 109-14, *42, as reprinted in 2005 U.S.C.C.A.N. 3, **40.

19       29.   Here the alleged damages that the putative class members are seeking

20   exceeds $5,000,000, exclusive of interest and costs. Defendants expressly deny that

21   Named Plaintiff or the purported class are entitled to recover any amount of damages.

22       30.   In their Complaint, Named Plaintiff seeks, among other things,

23   nationwide class restitution and disgorgement under California Unfair Competition

24   Law, which has a four-year statute of limitation. Cal. Bus. & Prof. Code § 17208;

25   Compl. ¶ 41 and at Prayer p. 10. Named Plaintiff also seeks exemplary, general and

26   special damages against Defendants under the California Consumer Legal Remedies

27   Act. Compl. ¶ 46 and at Prayer p. 10.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

NOTICE OF REMOVAL

31.   In the four years proceeding the filing of the Complaint, Sensa sold in excess of $5,000,000 of Sensa products throughout the United States from October 1, 2006 through September 30, 2010.  Declaration of Heidi Crane ¶ 3.  Therefore, Named Plaintiff's class-wide request for damages and restitution meets the jurisdictional threshold, although Defendants expressly deny that Named Plaintiff is entitled to any such relief on behalf of herself or any class.

32.   Further, attorneys' fees may be included for purposes of determining whether the amount in controversy requirement is satisfied.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Lowdermilk*, 479 F.3d 994, 1000 (9th Cir. 2007).

33.   Named Plaintiff seeks attorneys fees' here, although Defendants expressly deny that she has a right to receive any alleged damage amount on behalf of herself or a purported class.  Compl. at Prayer, p. 10.

34.   The cost to Defendants of complying with an injunction may also be included for purposes of determining whether the amount in controversy requirement is satisfied.  *Rogers v. Central Locating Serv. Ltd.*, 412 F. Supp. 2d 1171, 1179-80 (W.D. Wash. 2006) ("the 'value' of injunctive relief is determined by calculating the defendant's costs of compliance: 'where the value of a plaintiff's potential recovery … is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes.'") (quoting *In re Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001)).

35.   Named Plaintiff seeks injunctive relief here, although Defendants expressly deny that she has a right to receive any alleged injunctive relief on behalf of herself or a purported class.  Compl. ¶¶ 30, 41, 45 and at Prayer, p. 10.

36.   No statutory exception to CAFA jurisdiction applies in this case.

37.   Section 1332(d)(4)(A) (known as the "local controversy exception") and Section 1332(d)(4)(B) (the "home state exception") do not apply because, among

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

NOTICE OF REMOVAL

1   other reasons, the GNC Defendants are not citizens of California and a nationwide
2   class is alleged that is not alleged to be comprised primarily of California residents.
3   Further, Named Plaintiff has the burden of showing that any exception divesting
4   CAFA jurisdiction is applicable. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024
5   (9th Cir. 2007).

6       38.   The legislative history of CAFA further supports this Court's exercise of
7   jurisdiction. "[I]f a federal court is uncertain about whether 'all matters in
8   controversy' in a purported class action 'do not in the aggregate exceed the sum or
9   value of $5,000,000,' the court should err in favor of exercising jurisdiction over the
10  case." S. Rep. No. 109-14, at *42, *as reprinted in* 2005 U.S.C.C.A.N. 3, **40, 109
11  S. Rpt. 14; *see also In re Textainer*, 2005 WL 1791559, *3 (N.D. Cal. 2005).

12      39.   To the extent Named Plaintiff has alleged any other claims for relief in
13  the Complaint over which this Court would not have original jurisdiction under
14  § 1332(d), the Court has supplemental jurisdiction over any such claims under 28
15  U.S.C. § 1367(a).

16      40.   This Notice of Removal is timely filed within thirty days of September
17  29, 2010 and October 1, 2010 when Defendants were served with the Complaint.

18      41.   This action is not one described in 28 U.S.C. § 1332 or § 1453 as being
19  non-removable.

20      42.   Defendants will promptly file a copy of this Notice of Removal with the
21  clerk of the Superior Court, Los Angeles County, in the State of California, and
22  provide written notice to all other counsel of record.

23  //
24  //
25  //
26
27
28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

7

43.     The United States District Court for the Central District of California embraces the county and court in which Named Plaintiff filed this case.  28 U.S.C. § 84(c).  Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

Dated: October 29, 2010

BRYAN CAVE LLP

By: _____
        Brian J. Recor
        Attorneys for Defendants
        SENSA PRODUCTS LLC; GENERAL
        NUTRITION CORPORATION;
        GENERAL NUTRITION CENTERS, INC.

NOTICE OF REMOVAL

# EXHIBIT 1

1  Michael Louis Kelly - State Bar No. 82063
   mlk@kirtlandpackard.com
2  Behram V. Parekh - State Bar No. 180361
   bvp@kirtlandpackard.com
3  Heather M. Peterson - State Bar No. 261303
   hmp@kirtlandpackard.com
4  KIRTLAND & PACKARD LLP
   2361 Rosecrans Avenue
5  Fourth Floor
   El Segundo, California 90245
6  Telephone: (310) 536-1000
   Facsimile: (310) 536-1001
7

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 27 2010

John A. Clarke, Executive Officer/Clerk

By _____ Deputy
      RUBENA LOPEZ

8  *Counsel for Plaintiff*
   *and all others similarly situated*
9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                        **COUNTY OF LOS ANGELES**

12                                                    BC446303

| | |
|---|---|
| 13  ERIKA GOMEZ, on behalf of herself and all others similarly situated, | Case No. |
| 14                    Plaintiff, | **CLASS ACTION** |
| 15                    v. | **COMPLAINT FOR:** |
| 16  SENSA PRODUCTS, LLC, a Delaware Corporation, GENERAL NUTRITION | **1. California False Advertising Act, California *Business & Professions Code* § 17500 *et seq.*** |
| 17  CORPORATION, a Pennsylvania Corporation, GENERAL NUTRITION CENTERS, INC., a | |
| 18  Delaware Corporation, and DOES 1-50, inclusive, | **2. California Unfair Competition Law, California *Business & Professions Code* § 17200 *et seq.*** |
| 19 | |
| 20                    Defendants. | **3. California Consumer Legal Remedies Act, California *Civil Code* § 1770 *et seq.*** |
| 21 | |
| 22 | **JURY TRIAL DEMANDED** |
| 23 | |

24

25       Plaintiff Erika Gomez, on behalf of herself and all others similarly situated, alleges as

26  follows.  Plaintiff's allegations are based on the investigation of counsel, and thus on information

27  and belief, except as to the individual actions of Plaintiff, as to which Plaintiff has personal

28  knowledge.

99003-00001  143043.01

COMPLAINT

CIT/CASE: BC446303 LEA/DEFH:
RECEIPT #: CCR911720485
DATE PAID: 09/27/10 @13:36:57 PM
PAYMENT: $355.00
RECEIVED:
   CHECK:          355.00
   CASH:
   CHANGE:
   CARD:          0310

EXHIBIT 1   PAGE 9

### THE PARTIES

1. Plaintiff Erika Gomez is a citizen and resident of California. She purchased Sensa products for herself from a General Nutrition Centers Inc. retail store. In the purchase of these products, Plaintiff saw and relied on the marketing and advertising materials promoting Sensa products at issue here and has been damaged by her purchases of such products because such marketing and advertising materials are false and/or misleading.

2. Sensa Products, LLC (hereafter "Sensa") is a Delaware corporation that is headquartered in El Segundo, California, and does business throughout California and the United States.

3. General Nutrition Corporation is a Pennsylvania corporation headquartered in Pittsburgh, Pennsylvania, and does business throughout California and the United States. General Nutrition Centers, Inc., is a wholly owned subsidiary of General Nutrition Corporation.

4. General Nutrition Centers, Inc. is a Delaware corporation headquartered in Pittsburgh, Pennsylvania, and does business throughout California and the United States. General Nutrition Centers Inc. is a wholly owned subsidiary of General Nutrition Corporation. General Nutrition Corporation and General Nutrition Centers, Inc. will be collectively referred to hereafter as "GNC." GNC is the largest global retailer of nutritional products; including vitamin, mineral, herbal and other specialty supplements, as well as sports nutrition, diet, and energy products. GNC has more than 4,800 retail locations throughout the United States and has franchise operations in 48 international markets. GNC has sold, and continues to sell, Sensa weight loss products in retail locations as well as through their online store.

5. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-50, inclusive, and therefore sue such Defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief allegse, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

KIRTLAND & PACKARD LLP
LAW OFFICES

6.   At all times herein mentioned, Defendants and each of them were the agents, principals, servants, employees and subsidiaries of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, service, and employment and directed, consented, ratified, permitted, encouraged and approved the acts of each remaining Defendant.

## JURISDICTION AND VENUE

7.   This Court has jurisdiction over all causes of action asserted herein under the California constitution.

8.   Venue is proper in this County because this is the county where Defendant Sensa is headquartered.  Venue is also proper in Los Angeles County pursuant to Civil Code § 1780(d) because this is a county where Defendant Sensa is doing business.

9.   Venue is proper in the County of Los Angeles, Central District, pursuant to Local Rule 2.0(b)(1) because a class action claim is being made in this action.

10.   Defendants and other out of state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## FACTUAL ALLEGATIONS

11.   Sensa sells a scent-based weight loss product which uses "tastants" sprinkled onto meals to curb appetite and cause weight loss.

12.   Sensa's marketing and advertisements claim that these "tastants" are "proven to help trigger the brain mechanism that signals when you are full," allowing Sensa users to eat whatever they want and still lose weight. Sensa claims that all users need to do is sprinkle Sensa on meals and snacks and they will "safely and effectively lose weight without feeling deprived."

13.   Sensa, through marketing and advertising, claims that their product has been clinically proven to induce weight loss at an average rate of 30.5 pounds over a 6 month period without requiring any change in diet or exercise.

14.   The manner in which Sensa advertises their products is misleading to the average consumer. Sensa guarantees that by using their product consumers will "Lose 30 lbs

KIRTLAND & PACKARD LLP
LAW OFFICES

EXHIBIT 1   PAGE 11

KIRTLAND & PACKARD LLP
LAW OFFICES

1    without dieting. Guaranteed." Most consumers, when seeing this guarantee and the

2    statement of clinical proof, believe that Sensa has proven, causal weight loss inducing

3    properties, when in fact it does not.

4    15.    GNC, by offering Sensa products for sale both in retail locations and online, promotes the

5    sale of Sensa weight loss products. Plaintiff purchased Sensa weight loss products from

6    GNC, and GNC has sold, and continues to sell, Sensa products. GNC is thus realizing

7    monetary benefits from the sale of deceptively advertised and misleadingly marketed Sensa

8    products.

9    16.    Plaintiff, in purchasing Sensa products, was misled by the marketing and advertising

10    materials concerning Sensa's weight loss properties, and when she purchased these

11    products from GNC she believed that they had certain proven weight loss abilities. She

12    relied on the misleading marketing and advertising of such products and has been damaged

13    by purchasing such products for herself and not receiving what she was led to believe she

14    was buying.

15                                    **CLASS ACTION ALLEGATIONS**

16    17.    This action is properly maintainable as a class action.  Plaintiff brings this class action for

17    injunctive relief and damages on behalf of the following class:

18            All persons resident in the United States who purchased Sensa

19            products within the class period (the "Class").

20    18.    Excluded from the class are governmental entities, Defendants, any entity in which

21    Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal

22    representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also

23    excluded from the Class is any judge, justice or judicial officer presiding over this matter

24    and the members of their immediate families and judicial staff.

25    19.    **Numerosity:** The proposed Class is so numerous that individual joinder of all its members

26    is impracticable.  Due to the nature of the trade and commerce involved, Plaintiff believes

27    that the total number of Class members is at least in the thousands and members of the

28    Class are numerous and geographically dispersed across California and the United States.

99003-00001  143043.01                                    -4-
                                                        COMPLAINT

**EXHIBIT 1    PAGE 12**

LAW OFFICES
KIRTLAND & PACKARD LLP

1   While the exact number and identities of the Class members are unknown at this time, such

2   information can be ascertained through appropriate investigation and discovery. The

3   disposition of the claims of the Class members in a single class action will provide

4   substantial benefits to all parties and to the Court.

5   20.   **Common Question of Law and Fact Predominate:** There are many questions of law and

6   fact common to the representative Plaintiff and the Class, and those questions substantially

7   predominate over any questions that may affect individual Class members. Common

8   questions of fact and law include, but are not limited to, the following:

9       i.    Whether Defendants' marketing and advertising were and are misleading;

10       ii.    Whether Defendants' representations were likely to mislead and did in fact

11       mislead Plaintiff and Class members.

12       iii.    Whether Defendants were willful, deceptive and oppressive in their

13       conduct.

14       iv.    Whether Defendants engaged in unlawful, unfair, or fraudulent business

15       practices.

16   21.   These common questions of law and fact predominate over questions that may affect

17   individual Class members in that the claims of all Class members for each of the claims

18   herein can be established with common proof. Additionally, a class action would be

19   "superior to other available methods for the fair and efficient adjudication of the

20   controversy," because (1) Class members have little interest in individually controlling the

21   prosecution of separate actions because the individual damages claims of each Class

22   member are not substantial enough to warrant individual filings; (2) Plaintiff is not aware

23   of other lawsuits against Defendants commenced by or on behalf of members of the Class;

24   and (3) because the disputed advertisements are common to all Class members and because

25   resolution of the claims of Plaintiff will resolve the claims of the remaining Class,

26   certification does not pose any manageability problems.

27   22.   **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class.

28   Plaintiff and all members of the Class have been similarly affected by Defendants'

EXHIBIT 1   PAGE 13

1  common course of conduct since they all relied on Defendants' representations concerning

2  Sensa weight loss products and purchased the products based on those representations.

3  23.  **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the

4  interest of the Class. Plaintiff has retained counsel with substantial experience in handling

5  complex class action litigation. Plaintiff and her counsel are committed to prosecuting this

6  action vigorously on behalf of the Class and have the financial resources to do so.

7  24.  **Superiority of Class Action:** Plaintiff and the members of the Class suffered and will

8  continue to suffer harm as a result of Defendants' unlawful and wrongful conduct. A class

9  action is superior to other available methods for the fair and efficient adjudication of the

10  present controversy. Class members have little interest in individually controlling the

11  prosecution of separate actions because the individual damages claims of each Class

12  member are not substantial enough to warrant individual filings. In sum, for many, if not

13  most, Class members, a class action is the only feasible mechanism that will allow them an

14  opportunity for legal redress and justice.

15  25.  Adjudication of individual class members' claims with respect to the Defendants would, as

16  a practical matter, be dispositive of the interests of other members not parties to the

17  adjudication, and could substantially impair or impede the ability of other class members to

18  protect their interests.

19  **FIRST CAUSE OF ACTION**

20  *Business and Professions Code§ 17500*

21  (Violation of the False Advertising Act)

22  **(By Plaintiff and the Class Against All Defendants)**

23  26.  Plaintiff hereby incorporates paragraphs 1-25 above as if set forth in full.

24  27.  *Business and Professions Code* § 17500 provides that "[i]t is unlawful for any ...

25  corporation ... with intent ... to dispose of ... personal property ... to induce the public to

26  enter into any obligation relating thereto, to make or disseminate or cause to be made or

27  disseminated ... from this state before the public in any state, in any newspaper or other

28  publication, or any advertising device, or by public outcry or proclamation, or in any other

1 manner or means whatever, including over the Internet, any statement ... which is untrue or

2 misleading, and which is known, or which by the exercise of reasonable care should be

3 known, to be untrue or misleading...."

4 28.   Defendants misled consumers by making untrue statements and failing to disclose what is

5 required as stated in the Code, as alleged above.

6 29.   As a direct and proximate result of Defendants' misleading and false advertising, Plaintiff

7 and the members of the Class have suffered injury in fact and have lost money or property.

8 30.   The misleading and false advertising described herein presents a continuing threat to

9 Plaintiff and the Class in that Defendants persist and continue to engage in these practices,

10 and will not cease doing so unless and until forced to do so by this Court.  Defendants'

11 conduct will continue to cause irreparable injury to consumers unless enjoined or

12 restrained.

13 ## SECOND CAUSE OF ACTION

14 ### Business and Professions Code § 17200, et seq.

15 ### (Violation of the Unfair Competition Law)

16 **(By Plaintiff and the Class Against All Defendants)**

17 31.   Plaintiff hereby incorporates paragraphs 1-25 above as if set forth in full.

18 32.   California Business and Professions Code § 17200, et seq., (the "Unfair Competition Law"

19 or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition" which

20 includes any unlawful, unfair, or fraudulent business practice.

21 33.   The UCL imposes strict liability.  Plaintiff need not prove defendant intentionally or

22 negligently engaged in unlawful, unfair or fraudulent business practices—but only that

23 such practices occurred.

24 34.   The material misrepresentations, concealment, and non-disclosures by Defendants Sensa,

25 and DOES 1-50, as part of their marketing and labeling of Sensa products are unlawful,

26 unfair, and fraudulent business practices prohibited by the UCL.

27 35.   In carrying out such marketing, Defendants have violated the Consumer Legal Remedies

28 Act, the False Advertising Law, and various other laws, regulations, statutes, and/or

KIRTLAND & PACKARD LLP
LAW OFFICES

EXHIBIT 1   PAGE 15

common law duties. Defendants' business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

36.     The harm to Plaintiff and members of the public outweighs the utility of Defendants' practices and, consequently, Defendants' practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

37.     Defendants' practices are additionally unfair because they have caused Plaintiff and the class substantial injury, which is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could have reasonably avoided.

38.     Defendants' practices, as set forth above, have misled the general public in the past and will mislead the general public in the future. Consequently, Defendants' practices constitute an unlawful and unfair business practice within the meaning of the UCL.

39.     Pursuant to Cal. Bus. & Prof. Code § 17204, an action for unfair competition may be brought by any "person . . . who has suffered injury in fact and has lost money or property as a result of such unfair competition." Defendants' wrongful misrepresentations and omissions have directly and seriously injured Plaintiff and the putative class by causing them to purchase Sense products based upon false and misleading marketing and labeling.

40.     The unlawful, unfair, and fraudulent business practices of Defendants are ongoing and present a continuing threat that members of the public will be misled into purchasing Sensa products.

41.     Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all of Defendant's revenues associated with their unfair competition, or such portion of those revenues as the Court may find equitable.

//
//
//
//

99003-00001 143043.01

-8-

COMPLAINT

**EXHIBIT 1   PAGE 16**

### THIRD CAUSE OF ACTION

### Civil Code § 1770, *et seq.*

### (Violation of the Consumer Legal Remedies Act)

### (By Plaintiff and the Class Against All Defendants)

42. Plaintiff hereby incorporates paragraphs 1-25 above as if set forth in full.

43. The Consumer Legal Remedies Act ("CLRA") creates a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or business practices. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997). Its self-declared purpose is to protect consumers against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection. Cal. Civil Code §1760. The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id.*

44. More specifically, Plaintiff alleges that Defendants have violated paragraphs 5, 7, and 9 of Cal. Civ. Code § 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein. Defendants' unfair and deceptive business practices in carrying out the marketing program described above were and are intended to and did and do result in the purchase of Defendants' products by consumers, including Plaintiff, in violation of the CLRA. Cal. Civil Code § 1770, *et seq.*

45. As a result of Defendants' unfair and/or deceptive business practices, **Plaintiff and all** purchasers of Defendants' products have suffered damage and lost money in that they paid for products that did not have the benefits as represented. Plaintiff seeks and is entitled to an order enjoining Defendants from continuing to engage in the unfair and deceptive business practices alleged herein.

46. Pursuant to Section 1782 of the CLRA, Plaintiff intends to notify Defendants in writing of the particular violations of Section 1770 of the CLRA (the "Notice Letter"). If Defendants fail to comply with Plaintiff's demands within thirty days of receipt of the Notice Letter, pursuant to Section 1782 of the CLRA, Plaintiff will amend this Complaint to further request damages under the CLRA.

KIRTLAND & PACKARD LLP
LAW OFFICES

EXHIBIT 1   PAGE 17

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the class, prays for relief and judgment as follows:

1. For preliminary and permanent injunctive relief enjoining Defendants, its agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2. For certification of the putative class;

3. For restitution and disgorgement of all money or property wrongfully obtained by Defendants by means of its herein-alleged unlawful, unfair, and fraudulent business practices;

4. For an accounting by Defendants for any and all profits derived by Defendant from their herein-alleged unlawful, unfair, and/or fraudulent conduct and/or business practices;

5. An award of statutory damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

6. An award of general damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

7. An award of special damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

8. Exemplary damages, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

9. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5, the CLRA, and the common law private attorney general doctrine;

10. For costs of suit; and

11. For such other and further relief as the Court deems just and proper.

**EXHIBIT 1   PAGE 18**

LAW OFFICES
KIRTLAND & PACKARD LLP

DATED: September 24, 2010

KIRTLAND & PACKARD LLP

By: _____
MICHAEL LOUIS KELLY
BEHRAM V. PAREKH, of counsel
HEATHER M. PETERSON
*Counsel for Plaintiff and the Class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
KIRTLAND & PACKARD LLP

99003-00001   143043.01

-11-

COMPLAINT

EXHIBIT 1   PAGE 19

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all issues so triable.

DATED: September 24, 2010

KIRTLAND & PACKARD LLP

By: _____

MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
HEATHER M. PETERSON
*Counsel for Plaintiff and the Class*

KIRTLAND & PACKARD LLP
LAW OFFICES

99003-00001  143043.01

**-12-**

COMPLAINT

EXHIBIT 1   PAGE 20

1     I, Erika Gomez, declare as follows:

2     1.    I am a Plaintiff in this action, and am a citizen of the State of California.  I have

3 personal knowledge of the facts herein and, if called as a witness, I could and would testify

4 competently thereto.

5

6     2.    The Complaint in this action, filed concurrently with this Declaration, is filed in the

7 proper place for trial under Civil Code Section 1780(d) in that Los Angeles   County is a county in

8 which Defendants are doing business.

9

10     I declare under penalty of perjury under the laws of the State of California that the foregoing is

11 true and correct.

12

13

_Erika Gomez_

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -
DECLARATION RE VENUE

EXHIBIT 1   PAGE 21

# EXHIBIT 2

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Michael Louis Kelly, 82063<br>KIRTLAND & PACKARD<br>2361 Rosecrans Avenue Fourth Floor<br>El Segundo, CA  90245<br>TELEPHONE NO.: (310) 536-1000<br>ATTORNEY FOR (Name): Plaintiff | **FILED**<br>FOR COURT USE ONLY<br>**LOS ANGELES SUPERIOR COURT**<br><br>OCT - 1 2010<br><br>JOHN A. CLARKE, CLERK<br>BY E. MUÑOZ, DEPUTY |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Los Angeles County<br>600 S. Commonwealth Avenue<br>Los Angeles, CA  90005-4001 | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Gomez<br><br>DEFENDANT/RESPONDENT: Sensa Products, LLC, et al. | **CASE NUMBER:**<br>BC446303    Dept 324 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>SENSA (Service of Summons) |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet and Addendum, Notice of Case Assignment, ADR Information Packet

**BY FAX**

3. a. Party served:  General Nutrition Corporation, a Pennsylvania Corporation

   b. Person Served:  Brandon Sjelin, National Registered Agents Inc - Person authorized to accept service of process

4. Address where the party was served:   2875 Michelle Drive Ste. 100
   Irvine, CA  92606

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or (date): 9/29/2010        (2) at (time):  3:45 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:

   General Nutrition Corporation, a Pennsylvania Corporation

   under:   CCP 416.10 (corporation)

7. Person who served papers
   a. Name:      Wendy Duffield
   b. Address:   One Legal - 194-Marin
                504 Redwood Blvd #223
                Novato, CA  94947
   c. Telephone number: 415-491-0606
   d. The fee for service was:  $ 50.00
   e. I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No. PSC-408
         (iii) County ORANGE

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 9/29/2010

Wendy Duffield                                    W. Duffield
(NAME OF PERSON WHO SERVED PAPERS)                (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**       Code of Civil Procedure, § 417.10

OL# 6728322
**EXHIBIT 2   PAGE 22**

# EXHIBIT 3

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael Louis Kelly   SBN 82063<br>Kirtland & Packard LLP<br>2361 Rosecrans Avenue<br>Fourth Floor<br>El Segundo, CA 90245<br><br>TELEPHONE NO.: 310-536-1000   FAX NO. (Optional): 310-536-1001<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, Erika Gomez | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>OCT ~ 4 2010<br><br>JOHN A. CLARKE, CLERK<br><br>BY E. MUÑOZ, DEPUTY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 600 S. Commonwealth Avenue |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles 90005 |
| BRANCH NAME: Central Civil West |

| PLAINTIFF/PETITIONER: Erika Gomez<br><br>DEFENDANT/RESPONDENT: Sensa Products, LLC, et al. | CASE NUMBER:<br>BC 446303   D.324 |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>SENSA |
|---|---|

*(Separate proof of service is required for each party served.)*

# BY FAX

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [x] summons
   b. [x] complaint
   c. [x] Alternative Dispute Resolution (ADR) package
   d. [x] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [x] other *(specify documents):* Notice of Case Assignment; Civil Case Cover Sheet Addendum

3. a. Party served *(specify name of party as shown on documents served):* General Nutrition Centers, Inc.

   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   National Registered Agents, Inc. (Agent for Service of Process)

4. Address where the party was served: 600 N. 2nd Street, Harrisburg, PA 17101, Dauphin

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                    (2) at *(time):*

   b. [ ] **by substituted service.** On *(date):*            at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*            from *(city):*            or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Legal<br>Solutions<br>⊕ Plus | Code of Civil Procedure, § 417.10 |
|---|---|---|---|

**EXHIBIT 3   PAGE 23**

| PLAINTIFF/PETITIONER: Erika Gomez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Sensa Products, LLC, et al. | BC 446303 |

5. c. ☒ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* October 1, 2010     (2) from *(city):* El Segundo

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☒ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify):* General Nutrition Centers, Inc.

    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                              ☐ other:

7. **Person who served papers**

  a. Name: Katherine Maguire

  b. Address: 2361 Rosecrans Avenue, Fourth Floor, El Segundo, CA 90245

  c. Telephone number: 310-536-1000

  d. **The fee for service was:** $ n/a

  e. I am:

    (1) ☒ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ registered California process server:

      (i) ☐ owner     ☐ employee     ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: October 4, 2010

KATHERINE MAGUIRE
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

**EXHIBIT 3   PAGE 24**

# EXHIBIT 4

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Michael Louis Kelly, SBN 82063<br>KIRTLAND & PACKARD<br>2361 Rosecrans Avenue Fourth Floor<br>El Segundo, CA 90245<br>TELEPHONE NO.: (310) 536-1000<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED**<br>FOR COURT USE ONLY<br>LOS ANGELES SUPERIOR COURT<br><br>OCT - 1 2010<br><br>JOHN A. CLARKE, CLERK<br>BY E. MUÑOZ, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, Los Angeles County
600 S. Commonwealth Avenue
Los Angeles, CA 90005-4001

PLAINTIFF/PETITIONER: Erika Gomez

DEFENDANT/RESPONDENT: Sensa Products, LLC, et al.

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER:<br>BC446303  D-324 |
| | Ref. No. or File No.:<br>SENSA (Service of Summons) |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment, ADR Information Package

3. a. Party served: Sensa Products, LLC, a Delaware Corporation

   b. Person Served: GKL Corporate/Search, Inc., Amy Witmire - Person authorized to accept service of process

4. Address where the party was served: 915 L Street Ste. 1250
   Sacramento, CA 95814

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or *(date):* 9/29/2010        (2) at *(time):* 3:34 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   Sensa Products, LLC, a Delaware Corporation

   under:        CCP 416.10 (corporation)

7. Person who served papers
   a. Name:        Jermaine deJose
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 99.00
   e. I am:
      (3) registered California process server.
          (i)  Employee or independent contractor.
          (ii) Registration No. 2008-47
          (iii) County SACRAMENTO

**BY FAX**

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 9/30/2010

Jermaine deJose
(NAME OF PERSON WHO SERVED PAPERS)

(SIGNATURE)

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | Code of Civil Procedure, § 417.10 |

**PROOF OF SERVICE OF SUMMONS**

OL# 6728321

**EXHIBIT 4   PAGE 25**

# EXHIBIT 5

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Michael Louis Kelly   SBN 82063<br>Kirtland & Packard LLP<br>2361 Rosecrans Avenue<br>Fourth Floor<br>El Segundo, CA 90245<br>TELEPHONE NO.: 310-536-1000   FAX NO.: 310-536-1001<br>ATTORNEY FOR *(Name):* Plaintiff, Erika Gomez | **FILED**<br>For county of California<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>SEP 27 2010<br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>RUBENA LOPEZ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central

CASE NAME: Erika Gomez vs. Sensa Products, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | **CASE NUMBER:** |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC446303 |
| | | JUDGE: |
| | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | |
| [x] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 3
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 24, 2010

Michael Louis Kelly   SBN 82063
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**EXHIBIT 5   PAGE 26**

| SHORT TITLE: Erika Gomez vs. Sensa Products, et al. | CASE NUMBER BC446303 |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [X] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 7 [ ] HOURS/ [X] DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:**  After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:**  Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:**  In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:**  Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [X] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | (1), 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4<br>LA-481 |
|---|---|---|

EXHIBIT 5   PAGE 27

SHORT TITLE: Erika Gomez vs. Sensa Products, et al.                    CASE NUMBER

| A<br>Civil Case Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| Professional Negligence (25) | ☐ | A6017   Legal Malpractice | 1., 2., 3. |
| | ☐ | A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ | A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☐ | A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ | A6024   Other Employment Complaint Case | 1., 2., 3. |
| | ☐ | A6109   Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ | A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ | A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ | A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ | A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ | A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ | A6012   Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ | A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ | A6009   Contractual Fraud | 1., 2., 3., 5. |
| | ☐ | A6031   Tortious Interference | 1., 2., 3., 5. |
| | ☐ | A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ | A7300   Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ | A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ | A6018   Mortgage Foreclosure | 2., 6. |
| | ☐ | A6032   Quiet Title | 2., 6. |
| | ☐ | A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer - Commercial (31) | ☐ | A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Residential (32) | ☐ | A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Drugs (38) | ☐ | A6022   Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ | A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ | A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin labels (top to bottom): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.); Employment; Contract; Real Property; Unlawful Detainer; Judicial Review

**EXHIBIT 5   PAGE 28**

| SHORT TITLE: | Erika Gomez vs. Sensa Products, et al. | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Judicial Review [Cont'd.] | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

**EXHIBIT 5   PAGE 29**

| SHORT TITLE: Erika Gomez vs. Sensa Products, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 2301 Rosecrans Avenue, Ste. 4100 |

| CITY: El Segundo | STATE: CA | ZIP CODE: 90245 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Superior Court of California</u>   courthouse in the <u>Central</u>   District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>September 24, 2010</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
MICHAEL LOUIS KELLY

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04                **CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**                LASC, rule 2.0
Page 4 of 4

**EXHIBIT 5   PAGE 30**

# EXHIBIT 6



1   Jonathan Solish (SBN 67609))
    Keith D. Klein (SBN 184846)
2   Brian J. Recor (SBN 229091)
    **BRYAN CAVE LLP**
3   120 Broadway, Suite 300
    Santa Monica, California 90401-2386
4   Telephone:  (310) 576-2100
    Facsimile:   (310) 576-2200
5   E-mail:      jonathan.solish@bryancave.com
                 keith.klein@bryancave.com
6                brian.recor@bryancave.com

7

    Attorneys for Defendants
8   SENSA PRODUCTS LLC; GENERAL NUTRITION CORPORATION;
    GENERAL NUTRITION CENTERS, INC.

9

10            **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12

13  ERIKA GOMEZ, on behalf of herself and   | Case No.
    all others similarly situated,
14                                           | (Los Angeles County Superior Court
              Plaintiff,                     | Case No. BC440303)
15  vs.
                                             **DECLARATION OF KENNETH
16  SENSA PRODUCTS, LLC, a Delaware          WUNSCHEL IN SUPPORT OF
    Corporation, GENERAL NUTRITION           DEFENDANTS' NOTICE OF
17  CORPORATION, a Pennsylvania              REMOVAL UNDER 28 U.S.C.
    Corporation, GENERAL NUTRITION           §§ 1332(d) (CAFA)
18  CENTERS, INC., a Delaware
    Corporation, and DOES 1 to 50,
19  inclusive,

20            Defendants.

21

22

23

24

25

26

27

28

SM808839

**EXHIBIT 6    PAGE 31**          DECLARATION OF KENNETH WUNSCHEL
                                  IN SUPPORT OF NOTICE OF REMOVAL

I, Kenneth Wunschel, declare as follows:

1.      I am employed as Director of Employee Relations of General Nutrition Centers, Inc. at its corporate headquarters in Pittsburgh, Pennsylvania.  I make this declaration in support of the Notice of Removal by Defendants General Nutrition Corporation and General Nutrition Centers, Inc. (the "GNC Defendants"), and Sensa Products LLC ("Sensa"), (collectively "Defendants").  The facts stated in this declaration are based on my personal knowledge and upon my review of the records of General Nutrition Centers, Inc. maintained in the regular course of business.

2.      Defendant General Nutrition Corporation is a Pennsylvania corporation, with its principal place of business in Pittsburgh, Pennsylvania.

3.      Defendant General Nutrition Centers, Inc. is a Delaware corporation, with its principal place of business in Pittsburgh, Pennsylvania.  It is a wholly owned subsidiary of General Nutrition Corporation.

4.      Both companies, collectively referred to as the "GNC Defendants," conduct almost all of their centralized activities in Pittsburgh, Pennsylvania.

5.      The vast majority of activities that the GNC Defendants conduct in California are those that General Nutrition Corporation also conducts in other states across the country, namely retailing nutritional products through its network of over 4,800 retail locations throughout the world and franchise operations in 48 international markets.

6.      The location of the majority of the GNC Defendants' tangible properties is Pennsylvania.

7.      The location where most of the GNC Defendants' purchases are made is outside of California.

//

//

//

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**EXHIBIT 6   PAGE 32**

DECLARATION OF KENNETH WUNSCHEL
IN SUPPORT OF NOTICE OF REMOVAL

1        8.    The location of the majority of the GNC Defendants' employees is

2    outside of California.

3        I declare under penalty of perjury under the laws of the United States of

4    America that the foregoing is true and correct and is executed on October 29, 2010,

5    at Pittsburgh, Pennsylvania.

6

7    Kenneth Wunschel

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

2

DECLARATION OF KENNETH WUNSCHEL
IN SUPPORT OF NOTICE OF REMOVAL

EXHIBIT 6   PAGE 33

# EXHIBIT 7

Jonathan Solish (SBN 67609))
Keith D. Klein (SBN 184846)
Brian J. Recor (SBN 229091)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:   (310) 576-2100
Facsimile:   (310) 576-2200
E-mail:      jonathan.solish@bryancave.com
             keith.klein@bryancave.com
             brian.recor@bryancave.com

Attorneys for Defendants
SENSA PRODUCTS LLC; GENERAL NUTRITION CORPORATION;
GENERAL NUTRITION CENTERS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA GOMEZ, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>SENSA PRODUCTS, LLC, a Delaware Corporation, GENERAL NUTRITION CORPORATION, a Pennsylvania Corporation, GENERAL NUTRITION CENTERS, INC., a Delaware Corporation, and DOES 1 to 50, inclusive,<br><br>   Defendants. | Case No.<br><br>(Los Angeles County Superior Court Case No. BC440303)<br><br>**DECLARATION OF HEIDI CRANE IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332(d) (CAFA)** |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

SM01 809010

**EXHIBIT 7   PAGE 34**

DECLARATION OF HEIDI CRANE
IN SUPPORT OF NOTICE OF REMOVAL

I, Heidi Crane, declare as follows:

1.      I am employed as Chief Financial Officer of Sensa Products, LLC.  I make this declaration in support of the Notice of Removal by Defendants General Nutrition Corporation and General Nutrition Centers, Inc. (the "GNC Defendants"), and Sensa Products LLC ("Sensa"), (collectively "Defendants").  The facts stated in this declaration are based on my personal knowledge, and where so stated, upon review of the Sensa's records maintained in the regular course of business.

2.      Sensa sells its products throughout the United States.  As part of my job duties, I am familiar with the periodic reports of the volume and value of Sensa products sold nationwide.  These reports and data are maintained by Sensa in the regular course of business.

3.      According to these reports, from October 1, 2006 through September 30, 2010, Sensa's total volume of national product sales exceeded $5,000,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and is executed on October 26, 2010, at ~~Pittsburgh, Pennsylvania.~~ *El Segundo, California*

_____

HEIDI CRANE

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1

**EXHIBIT 7   PAGE 35**